The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have requested an Attorney General opinion in response to the following questions:
 (1) If a school district was making contributions to a tax qualified retirement plan for an employee prior to February 1, 1999, pursuant to a contractual obligation to do so, may the district continue to make those contributions under the provisions of Act 773 of 1999 for the duration of that contractual obligation?
 (2) If a school district was making contributions to a tax qualified retirement plan for an employee prior to February 1, 1999, pursuant to a contractual obligation to do so, may the district continue to make those contributions under the provisions of Act 773 of 1999 for subsequent contractual obligations to the employee?
 (3) If a school district was making contributions to a tax qualified retirement plan for an employee prior to February 1, 1999, pursuant to a contractual obligation to do so, may the district continue to make those contributions under the provisions of Act 773 of 1999 if the employee has been provided with a multi-year contract with the district?
RESPONSE
Question 1 — If a school district was making contributions to a taxqualified retirement plan for an employee prior to February 1, 1999,pursuant to a contractual obligation to do so, may the district continueto make those contributions under the provisions of Act 773 of 1999 forthe duration of that contractual obligation?
It is my opinion that a school district may do so.
Act 773 directly addresses this issue, stating in pertinent part:
 The school district shall not make contributions to any tax qualified retirement plan on behalf of any employee participating in the deferred retirement option plan. However, this prohibition shall not be applicable to the extent necessary to comply with contractual obligations incurred by a school district prior to February 1, 1999.
Acts 1999, No. 773, § 1 (emphasis added).
Under this unambiguous language of the Act, school districts clearly may continue to make contributions to tax qualified retirement plans pursuant to contractual obligations to do so that were incurred prior to February 1, 1999.
Question 2 — If a school district was making contributions to a taxqualified retirement plan for an employee prior to February 1, 1999,pursuant to a contractual obligation to do so, may the district continueto make those contributions under the provisions of Act 773 of 1999 forsubsequent contractual obligations to the employee?
It is my opinion that the answer to this question is "no," assuming the "subsequent contractual obligations" were entered into on February 1, 1999 or thereafter.
The example you give as a basis for this question is as follows: A school district was making contributions to a tax qualified retirement plan for a teacher employed prior to February 1, 1999. The employee's contract for the 1998-1999 school year was for 185 days and ended on June 1, 1999. The district subsequently employed the individual for another 185-day period of time during the 1999-2000 school year — starting in August of 1999 — and the district again entered into a 185-day contractual obligation with the employee.
In this scenario, the school district would not be permitted, under Act 773 of 1999, to continue making the contributions under the subsequent contract. It is the explicitly-stated intent of Act 773 of 1999 to prohibit contributions to tax qualified retirement plans on behalf of employees participating in the deferred retirement option plan, except in instances where the obligation to do so was incurred prior to February 1, 1999. This sole exception is unambiguously stated. Any contractual obligation incurred after February 1, 1999 (such as the subsequent contractual obligation described in your example), would not fall within the clearly-stated exception. Therefore, even though the original contractual obligation to the employee was incurred prior to February 1, 1999, the subsequent contractual obligation was incurred after that date, and will not qualify for the continued contributions exception. The exception found in Act 773 is to be applied, in my opinion, according to the time particular contracts were entered, not according to which employees had contracts before the relevant date. In this sense, the exception is to be applied contract-by-contract, not employee-by-employee.
Question 3 — If a school district was making contributions to a taxqualified retirement plan for an employee prior to February 1, 1999,pursuant to a contractual obligation to do so, may the district continueto make those contributions under the provisions of Act 773 of 1999 ifthe employee has been provided with a multi-year contract with thedistrict?
It is my opinion that if a school district was making contributions to a tax qualified retirement plan for an employee prior to February 1, 1999, pursuant to a contractual obligation to do so, the district may not continue to make those contributions under the provisions of Act 773 of 1999 for any portion of a multi-year contract "renewed" after February 1, 1999.
The example you give as a basis for this question is as follows: A school district was making contributions to a tax qualified retirement plan for the superintendent of schools prior to February 1, 1999. He is on a multi-year contract. You state that the superintendent's contract is "extended" each school year to ensure that he always has a three-year contract.
In this scenario, the school district would be permitted, under Act 773 of 1999, to continue making the contributions for any portion of the contract incurred prior to February 1, 1999.
An important qualification attends this conclusion, however. You state that the multi-year contract is "extended" each school year to ensure that a three-year contract is always in place. The Arkansas statute authorizes such contracts to be "renewed" annually. See A.C.A. § 6-17-301
(Repl. 1993). The distinction between "extension" and "renewal" is important, because while an "extension" generally extends the term of an existing contract, a "renewal" entails the execution of a new contract.See generally 17A C.J.S. Contracts § 449. Factual issues with regard to a particular contract may have to be evaluated, but as a general rule, a "renewed" contract is a new contract, and thus would amount to the incurring of a new contractual obligation, and would fall outside the exception in Act 773 if it occurs after February 1, 1999. See, e.g., Op. Att'y Gen. 92-074.
In answer to your question, therefore, in my opinion the district may not continue to make the contributions at issue with respect to multi-year contracts "renewed" on or after February 1, 1999. It may, however, continue to make the contributions to the extent the contractual obligation was incurred prior to February 1, 1999.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh